### ELMORE v. ELMORE.

In an action by the wife against the husband, for a divorce, the defendant can not have a portion of the homestead set apart to him, where it is not shown that the property claimed as a homestead has been at any time during the existence of the marriage the residence of the family.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action for a divorce, on the ground of adultery on the part of the defendant, and for a division of the common property. The Court decreed the divorce, and referred the question of the amount and division of the property to A. C. Whitcomb,

referee. The referee reported the value of the property at $37,500, producing a monthly income of $500, and that the plaintiff is entitled to a portion of said property, equal to $18,750, and $5200 for one-half of the monthly income, from the third day of April, 1856, to the date of report, making in all the sum of $23,950, and that the real estate described in the complaint as being in the city of San Francisco, should be assigned and set apart to the plaintiff, at the value of $10,000, and that the balance of the common property is not susceptible of division. Referee also reported that defendant claimed to be entitled to one-half of the brick building on the corner of Washington street and Whitmore Place as a homestead, and that the other half belongs to plaintiff, and that defendant's half is not subject to forced sale on the division of the common property, or to be taken from him by sale, or division, in this case. The Court confirmed the report of the referee, except so far as the same relates to the setting apart the real estate in the city of San Francisco to plaintiff, but ordered the sale of the real estate, and the proceeds, not exceeding $23,950, be paid to plaintiff.

From which judgment and decree the defendant appealed to this Court.

*J. B. Hart* for Appellant.

In presenting to the Court my views in regard to the homestead question that arises in this case, I beg leave to call the attention of the Court to the fact that this was a question between husband and wife, and not between them and their creditors. The homestead may be selected at any time before the parties shall sell it. The first and third sections of the Homestead Act, Com. Statutes, 850, shows that at any time before sale or execution, or any final process, the homestead may be selected, and then it is not subject to any forced sale.

Both parties are, or may be, at the head of a family. The appellant has the legal control and custody of the children of the marriage, and certainly, as the head of the family, he needs a homestead as much as if no divorce had taken place.

The great object of the Homestead Act is to give a resting-place to parents and children of a family. The view taken by the Court below, is, that on divorce the homestead becomes common property, or that a homestead can not be selected after a suit for a divorce. This, certainly, is not a correct view of the case. The homestead right, or the right in favor of the married parties, attaches as soon as they become the owners of property out of which they can select or make a homestead; that right is not lost to the parties until a disposition of the property by sale has been made by the parties. The homestead is jointly owned by the husband and wife, and may, and of right should be, divided so that the parties may each take a moiety of the proceeds

15

of the property, freed from all claims, in favor of each other or any other person.

*Francis J. Lippitt* for Respondent.

There is no pretence that the premises now claimed by the appellant as a homestead, were ever occupied by him or by his wife. They were, therefore, never impressed with the character of homestead, as the Court has decided in Cary *v.* Tice, 6 Cal., 625, and in Benedict *v.* Bunnell, 7 Cal., 245.

Granting that the above decision applies only to cases where the homestead is claimed against creditors, and that, as between husband and wife, the homestead may be selected and set apart without actual residence, the answer is, that no such selection was ever made, and, therefore, no homestead created prior to the decree of divorce and for the division of the common property, which decree was entered on the 11th of October, 1856.

The appellant's argument amounts to this, that by the marriage the parties acquired the right to select out of their common property a homestead, and that their divorce did not divest that right.

The answer is, that admitting such a right to have existed during the marriage, it never having been exercised during the marriage, it is too late to exercise it now after the marriage is dissolved.

The true statement of the matter is this: during their marriage, the parties possessed, under the statute, the power to create out of their common property the joint estate of homestead; this power was limited to the purposes of the marriage, and when the marriage was dissolved, the power was *ipso facto* extinguishable.

The joint estate not having been created before the divorce, when the decree of divorce and for the division of the common property was made, the premises now claimed as homestead were clearly common property, and as such, within the operation of the decree. By the decree, each party was vested with an indefeasible right to have such a division of it made between them as the Court should finally direct.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The report of the referee is fully sustained by the pleadings and evidence contained in the record.

The question as to defendant's right to have a portion of the homestead set aside for his use, did not arise in the case, as it is not shown that the property claimed as a homestead had been at any time during the existence of the marriage, the residence of the family.

Judgment affirmed.